IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DOUGLAS MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:25-cv-00864 |
| ) | |
| SHELBY COUNTY, TENNESSEE, et ) | JUDGE RICHARDSON |
| al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On July 30, 2025, Plaintiff Douglas Martinez filed a Complaint for Damages and Injunctive Relief under 42 U.S.C. § 1983 (Doc. No. 1) against the following Defendants: Shelby County, Tennessee; Shelby County District Attorney Steve Mulroy; the Shelby County Public Defender's Office and unidentified individual public defenders; unidentified Shelby County Jail officials ("John Does 1-9 and Jane Does 1-5"), including one "CERT Sergeant" and multiple "Medical Personnel"; and Wellpath, LLC, the "private medical contractor providing [] healthcare under state law" at the Shelby County Jail. (*Id.* at 1–2.) The Complaint and supporting Memorandum (Doc. No. 2) allege that Plaintiff was deprived of his constitutional rights because of (1) the conditions of his detention at the Shelby County Jail, and (2) the manner of his prosecution in Shelby County criminal court. According to the Complaint, the timeframe for these claimed deprivations was between April and June 2024. (Doc. No. 1 at 1.) Plaintiff was living in Nashville at the time he hand-delivered the Complaint to the Clerk's Office for filing on July 30, 2025. (*See* Doc. No. 1 at 5.)

# I. PAUPER STATUS

The Court denied Plaintiff's initial application for leave to proceed as a pauper without prejudice to refiling on a Court-provided form. (Doc. No. 10.) Plaintiff used the provided form to re-apply for pauper status (Doc. No. 11), but the new application contained no financial information other than Plaintiff's negative checking account balance, so the Court again denied pauper status, noting that Plaintiff failed to indicate any expenses associated with the residential mailing address he provided. (Doc. No. 13 at 2.) As before, this second denial was also without prejudice to Plaintiff's ability to reapply on another Court-provided form. (*Id.* at 2–3.)

Instead of using the provided form to again reapply for pauper status, Plaintiff filed a Motion that "requests that the Court reconsider its denial" of pauper status (Doc. No. 16) in light of his showing that he has "[n]o employment [and] no income," and that the mailing address he provided—705 Drexel Street in Nashville—is not a residence but "a day center" for Room In The Inn. (*Id.* at 2.) Plaintiff confirms that he is "displaced/unhoused." (*Id.* at 6.) The internet confirms that 705 Drexel Street is the address for Room In The Inn, an organization that provides various services to individuals experiencing homelessness. https://www.roomintheinn.org/ (last visited Dec. 15, 2025).

Plaintiff's Motion (Doc. No. 16), to the extent it requests reconsideration of the Court's prior denial of pauper status, is **GRANTED**. The Court is satisfied that he cannot pay the $405 civil filing fee "without undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, Plaintiff is **GRANTED** pauper status pursuant to 28 U.S.C. § 1915(a).

# II. PENDING MOTIONS

Plaintiff has a pending motion "to retain jurisdiction or, in the alternative, to transfer venue

to the Western District of Tennessee" (Doc. No. 3), as well as pending motions for emergency injunctive relief. (Doc. Nos. 12, 16.)

As to venue, Wellpath, LLC's "Corporate Headquarters" is in Franklin, Tennessee, https://wellpathcare.com/ (last visited Dec. 15, 2025), but no other Defendant appears to have any connection to the Middle District, nor did the events giving rise to Plaintiff's claims occur here. "A civil action may be brought in," *e.g.*, "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b). It does not appear that venue is improper in this District, because all Defendants are residents of Tennessee and Wellpath, LLC is headquartered here. *See id.* § 1391(c)(2) ("For all venue purposes[,] . . . an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question…."); *Maxchief Invs. Ltd. v. Plastic Dev. Grp., LLC*, No. 3:16-CV-63, 2016 WL 7209553, at *3 (E.D. Tenn. Dec. 12, 2016) (applying Michigan law of corporations in the absence of particular law governing jurisdiction over LLCs; finding that "[b]ecause Plastic Development [Group, LLC] is headquartered in the Eastern District of Michigan, it is subject to the District Court for the Eastern District of Michigan's personal jurisdiction, and venue is therefore proper in the Eastern District of Michigan, *see* § 1391(c)(2)"); *Brown v. Quince Nursing & Rehab. Ctr., LLC*, No. 2:18-CV-2740, 2020 WL 4873670, at *8 (W.D. Tenn. Aug. 19, 2020) (applying "case law governing corporations" to analysis of personal jurisdiction over LLC—"a hybrid of partnerships and corporations" under Tennessee law) (citing, *e.g.*, *Hatfield v. Allenbrooke Nursing & Rehab. Ctr., LLC*, No. W2017-00957-COA-R3-CV, 2018 WL 3740565,

at *36–44 (Tenn. Ct. App. Aug. 6, 2018)).

However, the Court in its discretion may still transfer the case in the interest of justice and for the sake of convenience of parties and witnesses under 28 U.S.C. § 1404(a), "a codification of the doctrine of *forum non conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013). Section 1404(a) permits the transfer of this action "to any other district or division where it might have been brought" if the convenience of parties and witnesses and the interest of justice would be better served by such transfer. 28 U.S.C. § 1404(a); *see Burnett v. Caruso*, No. 10-cv-10749, 2010 WL 1609256, at *1 (E.D. Mich. Apr. 19, 2010). The decision to transfer an action pursuant to Section 1404(a) lies within the broad discretion of the district court. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *see K-Tex, LLC v. Cintas Corp.*, 693 F. App'x 406, 408 (6th Cir. 2017). "Although a plaintiff's choice of forum is generally given deference, that choice may be defeated, especially in cases when the plaintiff has little or no connection to the chosen forum." *Burnett*, 2010 WL 1609256, at *2.

Given that only Plaintiff and one, business-entity Defendant reside in this District, whereas the other Defendants appear to reside in Shelby County (which is itself a Defendant), within the Western District of Tennessee[1] where all the events recounted in the Complaint occurred, the Court in its discretion will deny Plaintiff's Motion to retain jurisdiction over this case and grant Plaintiff's alternative Motion to transfer the matter to the Western District. (Doc. No. 3.)

Regardless of venue, Plaintiff's emergency motions (Doc. Nos. 12, 16) are subject to denial because, even if they were procedurally compliant under the rules governing TRO motions (which,

---

[1] *See* 28 U.S.C. § 123(c)(2) (defining the Western District's Western Division as "compris[ing] the counties of Fayette, Lauderdale, Shelby, and Tipton").

under this Court's Local Rules, they are not),[2] they are directed to conduct not mentioned in the Complaint. *See Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (discussing need for a movant seeking an injunctive order to "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"; finding that "Colvin had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint"). The Complaint is concerned with events that occurred while Plaintiff was "detained at Shelby County Jail in 2024[,]. . . between April and June 2024" (Doc. No. 1 at 1), including denial of medications and other medical care, detention in a "bedbug cell," withholding of hygiene items, grievance forms, religious materials, recreation, nutritious meals, etc. (*Id.* at 2–3.) Its few claims that are not directed to the conditions of Plaintiff's 2024 confinement in the Shelby County Jail are related to court proceedings against him during the period of that confinement. (*See id.* at 3 (claiming that Plaintiff was "coerced" into accepting representation by the public defender's office and pleading guilty, but his attorney was powerless to challenge jail conditions and her ineffectiveness "unconstitutionally prolong[ed] his incarceration").

Plaintiff's emergency motions, on the other hand, seek to "protect witnesses and evidence" during the litigation of this case "and related federal claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986" (Doc. No. 12 at 2); "to prevent arrest, extradition, retaliatory detention, and obstruction of justice" that Plaintiff fears may follow from his planned filing of a challenge to the application of Tennessee's sex offender registry law (*id.* at 4); and to remove barriers to his treatment at area

---

[2] "Each motion for a TRO must be accompanied by a separately filed affidavit or verified written complaint, a memorandum of law, and a proposed order," and by written certification of "efforts made to give notice of the request for a TRO and the reasons why notice should not be required." M.D. Tenn. L.R. 65.01(b), (c). Although Plaintiff's emergency motions (which explicitly seek issuance of a TRO) contain verification language, the Complaint is not verified, nor are the emergency motions (Doc. Nos. 12, 16) supported by any separately filed affidavit or certification of reasons why notice to Defendants should not be required. Indeed, the motions indicate that they were served upon Defendants or their counsel. (Doc. No. 12 at 7; Doc. No. 16 at 18.)

hospitals for lumbar spinal stenosis that has "now progressed to Cauda Equina Syndrome." (Doc. No. 16 at 10.) "Neither a preliminary injunction nor a TRO are appropriate when the movant, as here, seeks intermediate relief beyond the claims of the complaint." *Truitt v. Bear*, No. CIV-19-581-F, 2019 WL 6833722, at *2 (W.D. Okla. Nov. 20, 2019), *report and recommendation adopted*, 2019 WL 6829961 (W.D. Okla. Dec. 13, 2019) (citing cases); *see also*, *e.g.*, *Lemay v. Correct Care Sols.*, No. 3:19-CV-00683, 2020 WL 4475425, at *6 (M.D. Tenn. Aug. 4, 2020) (denying motion for injunctive relief because "the bases for [plaintiff's] Motion for TRO are not related to the allegations in his Amended Complaint"). These Motions for emergency injunctive relief must therefore be denied.

### III. CONCLUSION

To summarize:

(1) Plaintiff is **GRANTED** leave to proceed as a pauper.

(2) Plaintiff's Motion concerning venue (Doc. No. 3) is **GRANTED** in part and **DENIED** in part. The Court **DENIES** the Motion to the extent that it asks the Court to retain jurisdiction over this case and **GRANTS** the Motion to the extent that it alternatively requests that the case be transferred to the Western District of Tennessee.

(3) Plaintiff's Consolidated Motion for Emergency Relief, Electronic Filing Access, and Protective Order (Doc. No. 12) is **DENIED**. His Motion Responding to Denial of IFP, Urgent TRO Request, Motion to Reconsider Denial of In Forma Pauperis, and Immediate Hearing on Emergency Injunctive Relief (Doc. No. 16) is **GRANTED** to the extent it requests reconsideration of the Court's prior denial of pauper status and otherwise **DENIED**.

(4) The Clerk shall **TRANSFER** this action to the United States District Court for the Western District of Tennessee, Western Division. This Court's file in this matter is closed.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE